**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEAL PRESTON, individually, and on behalf of all others similarly situated, | ) ) ) JURY DEMANDED |
| Plaintiff, | ) ) |
| v. | ) CASE NUMBER 1:17-cv-07868 ) |
| MRS BPO, L.L.C, | ) ) |
| Defendant. | ) ) ) |

**CLASS ACTION COMPLAINT**

NOW COMES Plaintiff NEAL PRESTON ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his lead counsel, James C. Vlahakis, asserts the following Class Action Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") against Defendant MRS BPO, L.L.C. ("Defendant"):

**INTRODUCTION**

1. This action seeks to recover for violations of the FDCPA resulting from two debt collection letters sent by Defendant to Plaintiff on October 31, 2016, for two separate debts allegedly owed to the identified creditor, "Chase Bank USA N.A."

2. Plaintiff alleges that the following language violated the FDCPA:

"If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

3. The letters, attached as <u>Exhibits</u> A and B to the Complaint are each a "communication" as defined by 15 U.S.C. § 1692a(2) because the letters attempted to collect debts allegedly owed to Chase Bank USA N.A.

1

4. The letters are redacted to remove personal financial information relative to the amounts of the debts, proposed payment amounts, creditor account number and Defendant's internal account number.

5. The last three digits of Defendant's account number have been left to demonstrate that two separate letters were mailed by Defendant.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff is a citizen of Illinois who resides in LaGrange, Illinois.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant MRS BPO, L.L.C. ("Defendant"), is a New Jersey Limited Liability Company with a principal place of business in Camden County, New Jersey.

9. Defendant is regularly engaged in the collection of consumer debts.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant was conducting substantial and continued debt collection related activities within the State of Illinois during 2016 and continues to do so.

12. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

13. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## GENERAL ALLEGATIONS

14. As set forth below, Plaintiff is complaining that Defendant sent identical standard form letters to more than forty persons.

15. Plaintiff alleges that the following language violated the FDCPA:

> "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

See <u>Exhibit A</u> (MRS Account No. ending in 490) and <u>Exhibit B</u> (MRS Account No. ending in 596).

16. The above quoted language informed Plaintiff that it would not be beneficial for him to settle the debt by paying less than the amount owed because the letter warned Plaintiff that if he paid "less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services."

17. The letter also told Plaintiff that if he paid "less than the full outstanding balance" Chase "may deny your application."

18. This language was intended to give debtors like Plaintiff a confusing, Hobson's Choice of sorts – save money and settle the debt for less than the amount owed, but suffer some unspecified action at the hands of Chase.

19. The letter also indicated that in order to make sure that Chase would *not* offer "less favorable terms in the future for some Chase products or services" Plaintiff and the proposed class members would have to pay every cent owed.

20. Finally, the letter indicated that in order to make sure that Chase would *not* "deny" an "application", Plaintiff and the proposed class members would have to pay every cent owed.

21. On information and belief, Chase would not offer less favorable terms in the future for some Chase products or services" or otherwise "deny [an] application" if a debtor paid less than the total amount owed. This is especially true if a debtor paid close to the full value of the debt.

22. Under the language utilized by Defendant, the language was intended (or at least had the result) to urge debtors to settle for the full amount owed.

23. This is especially true if the debt was for a low balance.

24. The quoted language violates Section 1692e of the FDCPA because it is confusing, false, deceptive and/or misleading to the Plaintiff and is likely to be viewed the same way by the "least sophisticated consumer."

25. The quoted language violates Section 1692e of the FDCPA because the confusing language is an "unfair or unconscionable means to collect or attempt to collect" a debt.

26. Additionally, the language is confusing, false, deceptive and/or misleading because it is contained at the very bottom of the letter.

27. The location of the language (at the bottom of the letter) is also problematic because the letter was sent folded with perforated edges, and one of the perforated folds, is located just above the subject language. *See* Exhibit C (front of letter), Exhibit D (back of letter), Exhibit E (front and back), Exhibit F (lower half of letter folded over) and Exhibit G (close up of perforated nature of the fold).

28. Ultimately, the quoted language would benefit Defendant to the extent that it would earn higher commissions if debtors paid the full amount owed.

29. Plaintiff has suffered monetary damages, as he was required to retain counsel to review this letter and protect his rights under the FDCPA.

30. On information and belief, it is plausible that class members were confused by the letter and did not pay any amount.

31. It is also plausible that certain class members may have had to consult with legal counsel in order to ascertain their rights under the FDCPA.

32. It is also plausible that certain class members were confused by the letter and chose to pay the full amount of their debt to avoid having Chase offer them "less favorable terms in the future for some Chase products or services, or deny [their] application."

33. Additionally, it is clear that a statutory violation of the FDCPA, on its own, is sufficient to confer Article III standing.

### COUNT I - 15 U.S.C. § 1692e

34. Plaintiff incorporates the above paragraphs into this Count.

35. As alleged above, Plaintiff asserts that the quoted language violated 15 U.S.C. § 1692e because the language constitutes a false, deceptive or misleading representation or means to collect a debt.

36. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

### COUNT II - 15 U.S.C. § 1692e(2)(A)

37. Plaintiff incorporates the above paragraphs into this Count.

38. As alleged above, Plaintiff asserts that the quoted language violated 15 U.S.C. § 1692e(2)(A) because the language constitutes a false representation regarding character or legal status of the alleged debts.

39. Contrary to Defendant's representation, it was not required by the FDCPA to include the quoted language in order to comply with the FDCPA.

40. Accordingly, the language, by being included below two other *required* disclosures ("This is an attempt to collect a debt and any information obtained will be used for that purpose" and "This communication is from a debt collector") – strongly implied to Plaintiff and others that

the language was a legal disclosure required by the FDCPA - which must be made to consumers when this is not the case.

41. Because the above quoted language was not required to comply with the FDCPA, it constitutes false representation regarding character or legal status of the alleged debts and the impact that partial or full payment may have on a debt.

42. By making a false representation regarding character or legal status of the alleged debts *and the impact that partial or full payment may have on a debt*, Defendant violated the FDCPA.

43. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

### COUNT III - 15 U.S.C. § 1692e(10)

44. Plaintiff incorporates the above paragraphs into this Count.

45. For the reasons set forth above, Plaintiff asserts that the quoted language violated 15 U.S.C. § 1692e(10) of the FDCPA because the language constitutes a false representation or deceptive means to collect or attempt to collect a debt.

46. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

### COUNT IV - 15 U.S.C. § 1692f

47. Plaintiff incorporates the above paragraphs into this Count.

48. For the reasons set forth above, Plaintiff asserts that the quoted language violated 15 U.S.C. § 1692f because the language constitutes the use of an unfair or unconscionable means to collect a debt.

49. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

## CLASS ALLEGATIONS

50. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. Plaintiff received two identical collection letters *for two separate debts*.

52. The proposed class involves: (a) all persons who were sent a collection letter in substantially the same form letter as the letters attached to the Complaint as Exhibits A and B; (b) to addresses within the States of Illinois, Indiana and Wisconsin; (c) on or about October 31, 2016 until the present; and (d) where the collection letters were not returned by the postal service as undelivered.

53. The identities of all class members are readily ascertainable from the records of MRS BPO, L.L.C. and those business and governmental entities on whose behalf it attempts to collect debts.

54. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of MRS BPO, L.L.C., and all of their respective immediate families, legal counsel for all parties to this action and all members of their immediate families and this Court and persons working with or for this Court.

55. There are common questions of law and fact between Plaintiff's claims and those of the class.

56. Common issues predominate over any issues involving only individual class members.

57. The principal issues are whether Defendant's communications with Plaintiff and the proposed class, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

58. Plaintiff's claims are typical of the class members, as his claims are based upon the same facts and legal theories as the proposed class members.

59. Plaintiff will fairly and adequately protect the interests of the proposed Class.

60. Plaintiff has retained counsel with experience in litigating, defending and settling consumer lawsuits, complex legal issues, and class actions.

61. Neither the Plaintiff nor his attorneys have any interests which might prevent them from vigorously pursuing this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because the use of a class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.

63. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

64. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

65. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the

Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

66. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the proposed Class predominate over any questions affecting an individual member, such that class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67. Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23(b)(l)(A) and 23(b)(2) Classes, thereby making appropriate final injunctive relief with respect to the Class as a whole.

68. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows: certify this action as a class action; appoint Plaintiff as Class Representatives of the Class; appoint her attorneys as Class Counsel; find that Defendant's actions violate the FDCPA; award damages against Defendant pursuant to 15 U.S.C. § 1692k; award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; issue declaratory and injunctive relief; and grant all other relief that the Court determines is just and proper.

Respectfully submitted,

Plaintiff NEAL PRESTON, individually, and on behalf of all others similarly situated,

9

By:   s/James Vlahakis
     James Vlahakis (lead counsel)
     jvlahakis@sulaimanlaw.com
     Ahmad T. Sulaiman
     ahmad.sulaiman@sulaimanlaw.com
     Omar T. Sulaiman
     osulaiman@sulaimanlaw.com
     Mohammed O. Badwan
     mbadwan@sulaimanlaw.com
     Nathan C. Volheim
     *nvolheim@sulaimanlaw.com*
     SULAIMAN LAW GROUP, LTD.
     2500 South Highland Avenue, Suite 200
     Lombard, Illinois 60148
     (630) 581-5456 telephone
     (630) 575-8188 facsimile